By the Court, Bronson, J.
The first ground assumed' by the defendant is, that the judgment against Zimerman and oth-p ers proves that all of the five defendants in that action were joint debtors; and having as one of the joint debtors paid the whole judgment, he insists on a right of action or set-off against Lawrence Gross, another of the joint debtors, for one fifth part of the judgment, or to the extent of one half of the judgment, on showing that all the other defendants in that action were insolvent at the time the payment was made. I do not think it necessary to enquire what are the remedies of one of several joint debtors who has paid the whole debt, against his co-obligors ; for although the judgment was apparently on a joint undertaking by all of the defendants, yet, as between these parties we must, I think, take notice of the fact that it was a suit and judgment under our statute upon the several liabilities of makers and endorsers of a promissory note. The statute only goes to the remedy of- the holder, and does not affect the rights of makers and endorsers as between themselves. *115 The defendant could acquire no greater right by waiting until judgment, and then paying the note, than he would have had on taking up the note before the several parties to it had been sued. We must then enquire what are the rights of the defendant as holder of the note, without regard to the judgment recovered by the bank.
So far as appears, the note which the defendant proposes to set off was made by Zimerman & Co. in the usual course of business, and was endorsed by the payees, Gross and Roseboom, to the defendant, and by the defendant to the Herkimer County Bank. The note having been protested, the defendant, as endorser, paid and took it up, and he now has the same rights against the prior parties as he would have had if the note had never been transferred to the bank. He may have an action, or a set-off, against Zimerman & Co., the makers, or against Gross and Roseboom, the endorsers. But as they are joint endorsers, he can neither sue nor set off again Gross alone. It is said, however, that as Roseboom was both maker and endorser, his name as one of the payees and endorsers may be wholly disregarded, and then it will stand as a note payable to and endorsed by Gross alone, which will let in the set off. We are referred to 1 R. S. 768, § 5, which provides, that a promissory note “ made payable to the order of the maker thereof, or to the order of a fictitious person, shall, if negotiated by the maker, have the same effect, and be of the same validity, as against the maker and all persons having knowledge of the facts, as if payable to the bearer.” It had been settled long before, that a note made payable to the order of a fictitious person, and negotiated by the maker, might be treated as a note payable to bearer. Notes made payable to the order of the maker are now placed upon the same footing. The statute was made for the purpose of obviating a difficulty in the way of the holder in making title and suing on a note which had not been endorsed by the person to whose order it was made payable. It applies to cases where the maker, who is also payee, negotiates the note without endorsement. Where he *116 transfers by endorsement, there never was any difficulty on the part of the holder in making title and suing on the note. (Smith v. Lusher, 5 Cowen, 688.)
But if the statute is broad enough in its terms to include an endorsed note, there is still a difficulty in the way of the defence. The statute only provides for cases where the note is “ made payable to the order of the maker thereof.” Here the note is made by three persons, and only one of them is named as payee. And what is more material, one of the payees is not a maker of the note. The note could not be “ negotiated by the maker,” or makers—any or all of them—without the endorsement of Gross. He has in fact endorsed the note in conjunction with Roseboom, the other payee. They have made a joint contract with the defendant, and he can only treat them as joint debtors. He cannot sue or set off the note against Gross alone.
There is a strong equity in favor of the defence, and I regret the necessity of confirming the decision which was made at the circuit.
New trial denied.